Weng v. Lynch

BIA
A073 574 467

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand sixteen.

PRESENT:
>       GUIDO CALABRESI,
>       DEBRA ANN LIVINGSTON,
>       DENNY CHIN,
>               *Circuit Judges.*

_____

ZHEN YIN WENG,
>       *Petitioner,*

>       v.                                        14-3132
                                                  NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Theodore N. Cox, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Ann M. Welhaf, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhen Yin Weng, a native and citizen of the People's Republic of China, seeks review of an August 5, 2014, decision of the BIA, denying his motion to reopen. *In re Zhen Yin Weng,* No. A073 574 467 (B.I.A. Aug. 5, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Weng's motion to reopen was untimely filed more than fifteen years after his deportation order became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation for filing a motion to reopen does not apply if the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

2

The BIA did not err in finding that Weng failed to demonstrate a material change in the enforcement of the family planning policy in his home province of Fujian since his 1997 hearing before the IJ.  *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."); *see also Jian Hui Shao*, 546 F.3d at 159-66 (noting that country conditions evidence from 1998 to 2007 indicated that enforcement of the family planning policy was generally lax in Fujian Province with the occasional reports of the use of force).  Weng's evidence (including the Annual Reports of the Congressional-Executive Commission on China and local family planning directives) establishes that, in Fujian Province, economic rewards and penalties continue to be the primary means of ensuring compliance with the mandatory fines, birth control measures, abortions, and sterilizations required by the policy.  In light of this evidence, a few isolated reports of persecutory enforcement did not compel the BIA to find a material change in country conditions.  *See Jian Hui Shao*, 546 F.3d at 155-56, 160, 172-73.

Accordingly, because the agency reasonably found that Weng did not demonstrate a material change in conditions in China, it did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also In re S-Y-G-*, 24 I. & N. Dec. at 253, 257.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Weng's pending motions for a stay of removal and to compel his return are DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk

4